IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID M. FIELDS : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL NO. L-07-240 |
| : | |
| REGIONS FINANCIAL CORPORATION : | |
|    Defendant. : | |

**MEMORANDUM**

Plaintiff David M. Fields ("Plaintiff") filed this lawsuit in the Circuit Court for Howard County, Maryland. Defendant Regions Financial Corporation ("Defendant") removed the case to federal court on the basis of diversity jurisdiction. Now pending is Plaintiff's motion to remand, in which he argues that the amount in controversy does not exceed $75,000.

For the reasons stated herein, the Court will, by separate Order, (i) DENY Plaintiff's motion, without prejudice to re-filing at the conclusion of discovery, (ii) ORDER the parties to conduct discovery regarding the pecuniary value (or lack thereof) of any permanent injunction that may be entered in the case, and (iii) DIRECT the parties to include in their status report, due on June 18, 2007, a discussion regarding when Plaintiff will re-file, and the parties will brief, the motion to remand.

**I.  Background**

   **A.  Plaintiff's Complaint**

Plaintiff alleges the following facts in his Complaint: From 1987 to 1992, Plaintiff was employed as a model. During that time period, he modeled for a photograph that appeared in an advertisement for Crestar Bank. In 2003 and 2004, Defendant reprinted the photograph for use in several of its advertising campaigns in Florida, Georgia, and other states. Defendant did not

have Plaintiff's permission to use his likeness in its advertising campaigns, Plaintiff contends.

Plaintiff filed suit in state court. His Complaint contains two common law claims: (i) Common Law Invasion of Privacy - Misappropriation of Likeness for Commercial Purposes; and (ii) Unjust Enrichment. Plaintiff requests the following relief: (i) a permanent injunction prohibiting Defendant from any further use of Plaintiff's likeness without his express written permission, (ii) $75,000 in damages, (iii) reasonable attorneys' fees and costs, and (iv) prejudgment and post-judgment interest.

### B. Removal and Plaintiff's Motion to Remand

Defendant removed the case to federal court, alleging diversity jurisdiction. Plaintiff moved to remand. Although he concedes that there is diversity of citizenship between the parties, Plaintiff contends that the amount in controversy does not exceed $75,000.

## II. Standard of Review

When a plaintiff files a motion for remand, the defendant seeking to proceed in federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "While a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, it is also true that removal jurisdiction raises significant federalism concerns, and therefore must be strictly construed." Momin v. Maggiemoo's Int'l, LLC, 205 F. Supp. 2d 506, 508 (D. Md. 2002) (internal citations omitted).

## III. Analysis

The diversity statute, 28 U.S.C. § 1332(a), provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." The issue before the Court is whether the amount in controversy exceeds $75,000.

Plaintiff's Complaint seeks damages of exactly $75,000. The damages request alone, therefore, is insufficient to confer diversity jurisdiction on the Court. Defendant, however, argues that Plaintiff's request for a permanent injunction has pecuniary value and, therefore, increases the total amount in controversy to greater than $75,000.[1] Plaintiff retorts that because Defendant stopped using Plaintiff's likeness in 2004, a permanent injunction at this stage would have no pecuniary value.

The burden lies with Defendant to prove, by a preponderance of the evidence, that a permanent injunction would have a pecuniary impact on either Plaintiff or Defendant.[2] Neither party, however, has offered any proof on this issue.[3] Defendant argues that because Plaintiff claims that his image has economic value, an injunction forbidding Defendant from using that

---

[1] Although Defendant originally argued that Plaintiff's request for attorneys' fees likewise must be included in calculating the amount in controversy, the parties have since agreed that Plaintiff has no right to receive attorneys' fees and that the Court may disregard the request for fees in determining the jurisdictional amount.

[2] See Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) ("In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964))); Momin, 205 F. Supp. 2d at 509-10 (applying preponderance of the evidence standard when the value of the requested relief is not specified in the complaint).

[3] See Momin, 205 F. Supp. 2d at 510 (stating that speculation regarding the value of requested relief is insufficient to confer jurisdiction); Unified Catholic Sch. of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp., 34 F. Supp. 2d 714, 716 (E.D. Wis. 1999) ("Where the amount in controversy is contested, the proponent of federal jurisdiction must 'support its assertion with competent proof.'" (quoting Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995), quoting in turn, McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936))).

3

image necessarily has some value to Plaintiff.  Plaintiff claims that Defendant is simply speculating that Plaintiff's image has economic value and notes that Defendant stopped using Plaintiff's likeness in 2004 and has not shown any intention to resume the use of the advertising campaign containing Plaintiff's likeness.

At this point, the record, including the briefing, is incomplete.  There is no evidence regarding the value of an injunction to Plaintiff and no evidence concerning how a possible detriment to Defendant would be valued.  Accordingly, the Court will DENY Plaintiff's motion, without prejudice to re-filing at the conclusion of discovery.

The parties are in the midst of discovery, which concludes on June 18, 2007.  The parties shall continue taking discovery, which will be necessary whether this case is ultimately tried in state or federal court.  During discovery, the parties shall seek to develop evidence regarding whether an injunction would have any monetary value, measured either by the benefit to Plaintiff or the detriment to Defendant.

In the status report due at the close of discovery on June 18th, the parties shall state whether they are planning on filing dispositive motions.  If the parties will not be filing dispositive motions, the parties shall propose in their status report a schedule for re-filing and briefing the motion to remand.   If the parties will be filing dispositive motions, Plaintiff shall re-file his motion to remand with the dispositive motions and the parties shall brief the motion to remand and the summary judgment motions at the same time.

**IV.     Conclusion**

4

For these reasons, the Court will, by separate Order, (i) DENY Plaintiff's motion, without prejudice to re-filing at the conclusion of discovery, (ii) ORDER the parties to conduct discovery regarding the pecuniary value (or lack thereof) of any permanent injunction that may be entered in the case, and (iii) DIRECT the parties to include in their status report, due on June 18, 2007, a discussion regarding when Plaintiff will re-file, and the parties will brief, the motion to remand.

Dated this 23rd day of May, 2007.

_____/s/_____
Benson Everett Legg
Chief Judge